GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(646) 964-9609
Catherine E. Anderson
Jason L. Solotaroff (subject to pro hac vice admission)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X

NAZILA RAD

                Plaintiff,                                    **COMPLAINT**

    -against-                                           Dkt. No.

COGNIZANT TECHNOLOGY SOLUTIONS INC.,

                Defendant.

------------------------------------------------------------------------X

Plaintiff Nazila Rad, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendant Cognizant Technology Solutions Inc. ("Cognizant"), alleges as follows:

## Preliminary Statement

1. This is an action for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

2. Ms. Rad worked as a senior executive for Defendant Cognizant from 2014 until her termination in 2018. Despite an extremely strong record of success, Ms. Rad was harassed and discriminated against based on her sex. After complaining about the discrimination, Ms. Rad was terminated based on trumped up and pre-textual allegations while male employees who

engaged in similar conduct and who had not complained about discrimination were treated far more favorably.

## THE PARTIES

3. Plaintiff Rad is a female of Iranian national origin who lives in Atlanta, Georgia.

4. Defendant Cognizant Technology Solutions is a corporation organized under the laws of Delaware with its principal place of business in Teaneck, New Jersey.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over Ms. Rad's Title VII claim pursuant to 28 U.S.C. § 1343 and § 1331. Ms. Rad filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about July 17, 2018. The EEOC issued a right to sue letter, attached hereto as Exhibit A, on January 24, 2020.

6. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in this District.

7. This Court has personal jurisdiction over Defendants because their principal place of business is in New Jersey.

## FACTS

8. Ms. Rad is a 55 year-old woman of Iranian national origin.

9. After a long and successful career in technology sales, Ms. Rad was hired by Cognizant in December 2014 to lead Cognizant's sales efforts in its Retail, Consumer Goods, and Travel and Hospitality unit ("RCGTH").

10. By 2017, Ms. Rad had become extremely successful, bringing in deals valued at over $100 million including deals with Ralph Lauren Corporation, Tory Burch, General Mills

and Alex and Ani. Ms. Rad was also was able to open doors for Cognizant with clients like MGM, SC Johnson and Signet. In 2017, Ms. Rad was named to Cognizant's Presidents Club.

11. Despite Ms. Rad's success, she was subjected to a discriminatory and hostile work environment by her direct supervisor, Patrick Burke. Ms. Rad was Mr. Burke's only female direct report and he discriminated against her by providing the men who reported to him significantly greater support, significantly greater attention and many more sales leads than he provided to Ms. Rad.

12. In addition, Mr. Burke was far more negative with Ms. Rad than with his male direct reports, reprimanding her and writing her up for small issues while ignoring similar conduct on the part of her male colleagues. Mr. Burke also attempted to take valuable sales leads from Ms. Rad such as Signet, and assign them to her male colleagues.

13. In November 2017, Ms. Rad met with Ajay Bhutoria, the Vice President of the RCGTH business unit, to complain about Mr. Burke's discriminatory conduct and to request a transfer to another group. Mr. Bhutoria stated that he would consider Ms. Rad's request but failed to take any action to stop Mr. Burke's harassment and discrimination against her.

14. Despite Mr. Burke's harassment and hostility, Ms. Rad continued her strong performance. In early 2018 Ms. Rad brought in a deal from Alex and Ani Jewelry for $3.5 million as well as an initially small, but potentially much larger, project from a Canadian company, BCLDB. As a result of Ms. Rad's solid relationships, she had made major progress toward landing a potentially more than $200 million deal from Signet.

15. Yet, on February 12, 2018, Cognizant terminated Ms. Rad's employment, allegedly for misuse of her expense account.

16. There is a strong reason to believe that this reason for Ms. Rad's termination is completely pre-textual. First, Ms. Rad traveled constantly for work, covering the United States and Canada and incurred significant expenses on a regular basis. Ms. Rad was careful in dealing with her expense account and when issues occasionally arose, she was always able to explain and justify the expenditures.

17. Indeed, on the single occasion when Ms. Rad was questioned about her expenses three weeks before her termination, she was able to provide valid explanations for every issue. To the extent Ms. Rad had mistakenly charged personal expenses to her expense account on a small number of occasions, Ms. Rad provided credible explanations for how the mistake happened.

18. When Ms. Rad was terminated, Jill Brahm, the HR staffer who informed her about the termination, inexplicably refused to provide any details of the alleged expense account misuse that was the basis of the termination. This suggests that Cognizant did not want to provide Ms. Rad with the opportunity to explain the alleged issues because the company was concerned that she would be able to corroborate the expenditures and rebut the basis for the termination.

19. Moreover, Ms. Rad's male supervisors scrupulously reviewed her expenditures. To the extent that there were discrepancies with the expenses, the male supervisors should have been investigated and disciplined. Yet this did not apparently happen.

20. Moreover, when male employees have questionable or even improper expenditures, Cognizant permits them multiple opportunities to explain and justify the expenditures and are only rarely disciplined or terminated. Two male employees who were treated far more favorably than Ms. Rad were Rathindra Ghosh and Prakash Narayan.

21.     Based on all of these factors, it appears that Cognizant terminated Ms. Rad for discriminatory and or retaliatory (based on her November 2017 complaint to Mr. Bhutoria) reasons.

22.     Moreover, there is evidence that women are systematically discriminated against at Cognizant. The company's employees were overwhelmingly male, especially at Ms. Rad's level. Indeed, Ms. Rad was the only woman at her level in a client-facing role responsible for business development in the entire RCGTH Business Unit.

**FIRST CLAIM FOR RELIEF**
(Sexual Harassment in Violation of Title VII)

23.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

24.     Defendant discriminated against Plaintiff in the terms and conditions of her employment, based on her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

**SECOND CLAIM FOR RELIEF**
(Retaliation in Violation of Title VII)

25.     Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

26.     Defendant retaliated against Plaintiff in the terms and conditions of her employment, based on her opposition to sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

WHEREFORE, Plaintiff demands judgment:

1. Reinstating Plaintiff's employment and upon reinstatement, enjoining Defendant from harassing Plaintiff on the basis of her sex, in the terms and conditions of her employment;

2. Awarding Plaintiff back pay;

3. Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

4. Awarding Plaintiff punitive damages;

5. Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:    New York, New York
          April 1, 2020

                                        GISKAN, SOLOTAROFF & ANDERSON LLP

                                        s/_____
                                By:    Catherine E. Anderson
                                        Jason L. Solotaroff (subject to pro hac vice admission)
                                        90 Broad Street, 10th Floor
                                        New York, New York 10004
                                        212-847-8315
                                        canderson@gslawny.com
                                        jsolotaroff@gslawny.com
                                        *ATTORNEYS FOR PLAINTIFF*